FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JUL 13 P:

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 97-J-1300-S |
| PEMCO AEROPLEX, | ) | |
| Defendant. | ) | |

ENTERED

JUL 13 2000

## MEMORANDUM OPINION

Currently before the Court is Defendant's motion to dismiss Counts II and III of the complaint, claims for common law mistake of fact and unjust enrichment (doc. 23).

In support of its motion, Defendant argues that this Court is without subject matter jurisdiction over said claims. According to Defendant, the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) would be improper as mistake of fact and unjust enrichment are contract claims that fall squarely within the scope of the Contracts Dispute Act ("CDA") of 1978, thus depriving this Court of jurisdiction.[1] Defendant's Brief at 2. The CDA provides for dispute resolution outside of Article III courts for

---

[1] Defendant cites two unreported cases in support of its argument that the common law claims asserted in conjunction with the FCA claim is due to be dismissed for want of subject matter jurisdiction. *See* Defendant's Brief at (citing *U.S. v. Hughes Aircraft Co.,* 1991 WL 133569 (C.D. Cal. 1991); *U.S. ex rel Perron v. Hughes Aircraft Co.,* 1991 WL 352416 (C.D. Cal. 1991)). However, these holdings have previously been rejected by the Northern District of Georgia as based upon authority that was either "inconsistent or inapplicable to the final conclusion reached" in those decisions. *United States v. Rockwell,* 795 F.Supp 1131, 1137 (N.D. Ga. 1992).

1

25

contract disputes between the federal government and private contractors. 41 U.S.C. §§ 601-613. However, the CDA contains an exception to this rule where the dispute involves fraud. 41 U.S.C. § 605(a).

Plaintiff contends that the "involving fraud" exception to the CDA is applicable in the case at bar. According to Plaintiff, though not a cause of action for fraud, the False Claims Act ("FCA") claim against Defendant is one involving fraud. Plaintiff's Brief at 4. The issue before the Court therefore, is whether the scope of the exception under the CDA requires an actual claim of fraud or if the exception envisioned a wider range of claims intertwined with allegations of fraud. This Court holds that the plain meaning of the statute supports the finding that the "involving fraud" exception to the CDA encompasses a broader range of claims than those actually asserting a cause of action for fraud. *Accord United States v. Unified Industries, Inc.*, 929 F. Supp 947 (E.D. Va. 1996).

This Court finds a significant amount of precedent upon which to rely in making this decision. *See United States v. Unified Industries, Inc.*, 929 F.Supp. 947 (E.D. Va. 1996); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F.Supp. 1338 (E.D. Mo. 1996); *United States ex rel. Mayman v. Martin Marietta Corp.*, 894 F. Supp 218 (D. Md. 1995); *United States v. Rockwell International Corporation*, 795 F.Supp. 1131 (N.D.Ga. 1992); *United States v. JT Construction Co.*, 668 F.Supp. 592 (W.D. Tex. 1987). In *Rockwell,* the district court found it had jurisdiction over the common law claims, identical to the ones brought in the case at bar, under 28 U.S.C. § 1367(a). *Id.* at 1135. Finding original jurisdiction over the United States' claims under the False Claims

Act, the court there held that it was proper to exercise supplemental jurisdiction over the common law claims given that the claims were so closely related to each other and arose from the same set of facts and circumstances. *Id.*

Additionally, though the Defendant seeks this Court to narrowly construe the fraud exception in the CDA, this Court finds that *Rockwell* similarly disposes of essentially the same argument. *See Rockwell,* 795 F.Supp at 1135. In *Rockwell,* the Court noted that the plain language of the CDA provided an exception to the general rule that district courts do not have jurisdiction over contract claims where the claims *involved fraud*, not just actions of fraud.[2] *Id.* (emphasis added). The Eleventh Circuit has previously considered the case at bar to determine that the United States stated a claim under the False Claims Act, 31 U.S.C. § 3729(a)(7). *See United States v. Pemco,* 195 F.3d 1234 (11th Cir. 1999). That provision of the FCA assesses liability to anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government . . . ." 31 U.S.C. § 3729(a)(7). Plaintiff argues, and this Court agrees, that such a claim is one "involving fraud."

---

[2] Defendants seek to distinguish *Rockwell* and the other cases Plaintiff cites in support of its position by arguing that "[m]ost of these cases [] expresssly contain allegations of fraudulent conduct and include a common law fraud companion count. Defendant's Brief at 10. This is simply untrue. None of the cases cited by Plaintiff include a common law fraud count. In fact, all of the cases cited raise claims of unjust enrichment and mistake of fact, the exact claims raised in the case at bar. Furthermore, upon a finding of original jurisdiction over the FCA claim, the courts deciding these cases found supplemental jurisdiction over the common law claims.

3

Accordingly, because the same set of operative facts alleged here give rise to FCA claims, over which the Court has original jurisdiction, and common law claims of unjust enrichment and mistake of fact, over which the "involving fraud" exception to the CDA applies, supplemental jurisdiction under 28 U.S.C. § 1367(a) applies. Therefore, Defendant's motion to dismiss is DENIED.

**DONE** and **ORDERED** this ⎽⎽13⎽⎽ day of July, 2000.

*[signature]*

Inge P. Johnson
U.S. District Judge